UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| ROBERT G. MONGLER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 2:17CV6 CDP |
|  | ) |  |
| MICHAEL LOPRIENO, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for default judgment against certain defendants, and on the motion of the non-defaulting defendants for leave to file a motion for summary judgment after the Case Management Order deadline for doing so has passed. I will deny the motion for leave to file a late summary judgment motion, and I will not rule on the motion for entry of default judgment but instead will take that motion with the case and decide it after the presentation of evidence at trial.

This case is set for trial on the two-week docket beginning April 2, 2018. If the Court were to allow a summary judgment motion at this late date, the Court would not have time to rule it before trial. Indeed, the parties' pretrial submissions would be due before such a motion could be fully briefed. Additionally, the arguments made for filing a late motion border on the frivolous – defendant Michael Loprieno says he could not file a motion for summary judgment until his

deposition was taken and the transcript was received.  Loprieno presumably should have known the facts to which he could testify before plaintiff took his deposition, and he presumably could have provided an affidavit setting forth any facts that he thought supported summary judgment.  Finally, when I extended the discovery deadline earlier, I specifically indicated that all other deadlines in the Case Management Order remained in effect.  The motion for leave to file a late motion for summary judgment is denied.

    I have reviewed plaintiff's motion for entry of default judgment, and conclude that an evidentiary hearing is needed, as I cannot determine the factual elements supporting the claims and the amount of damages on the record before me.  Plaintiff's three counts against the defaulting defendants are civil conspiracy to breach fiduciary duty, civil conspiracy to commit constructive fraud, and civil conspiracy to commit fraud.  These are complicated and overlapping theories, and plaintiff has not set out how he believes the evidence he provided shows all the elements of these claims.  Additionally, I have questions about the damages claimed.  The same three civil conspiracy counts are brought against all the non-defaulting defendants, and an additional count of fraud is brought against defendant Loprieno.  Thus, assuming that plaintiff elects to proceed on the three conspiracy counts against the non-defaulting defendants at trial, plaintiff will be required to present evidence supporting all the elements of each of these claims, and the Court will be able to determine the issues raised by the motion for default

judgment based on that evidence. Even if, for some reason, plaintiff decided not to proceed on his Counts 1, 2 and 3, assuming he still proceeded on Count 4 against Loprieno only, as that claim is based on the same facts, the Court would have the benefit of that evidence in determining the default judgment. To the extent there is any additional evidence that plaintiff wishes to present on the default judgment motion that is not admissible against the other defendants or that he otherwise does not present as part of the jury trial, the Court can easily hear any such additional evidence outside the presence of the jury. Because the Court needs to hear the evidence to decide the issues raised by the default judgment motion, that motion will be taken with the case and I will not rule on it now.

Finally, I continue to be concerned with the parties' disagreements, such as Loprieno's arguments that plaintiff has mislead the Court or made false statements in motions. I am also concerned with the indication that defendants have taken no discovery in the case, although of course, that is their right. Additionally, plaintiff's counts all overlap, and if plaintiff is going to elect to pursue fewer than all four counts at trial it would be helpful to the Court to know that now, although plaintiff is not required to make any such election at this time. The first part of the parties' pretrial submissions are due on March 13, 2018, and the Court cautions them that they must comply in full with the Case Management Order provisions regarding the content of those filings.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for leave to file a summary judgment motion [57] is denied.

**IT IS FURTHER ORDERED** that the default judgment motion remains under submission and will be taken with the case as set out above.

*[signature: Catherine D. Perry]*

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of February, 2018.